Filed for Record
3/4/2016 11:45:20 AM
Rhonda Barchak, District Clerk
Brazoria County, Texas
85592-CV
Michelle Bailey, Deputy

CAUSE NO. _____85592-CV_____

| | | |
|---|---|---|
| FIDEL LOPEZ, | § | IN THE JUDICIAL COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | BRAZORIA COUNTY, TEXAS |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY | § | |
| and BIBIANA AGUILAR, | § | |
| | § | |
| Defendants. | § | _____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Fidel Lopez, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of United Property & Casualty Insurance Company ("UPC") and Bibiana Aguilar ("Aguilar") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.  Plaintiff, Fidel Lopez, resides in Brazoria County, Texas.

3.  Defendant, United Property & Casualty Insurance Company, is a Texas insurance company engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon United Property & Casualty Insurance Company through its registered agent for service: **C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas**



EXHIBIT

C

**75201-3136**.  Plaintiff requests service at this time.

4.    Defendant Bibiana Aguilar is an individual resident of Houston, Texas.  Aguilar may be served with citation at the address listed with the Texas Department of Insurance**:  9757 Windwater Drive 4108, Houston, Texas 77075-2392**.  Plaintiff requests service at this time.

<strong>JURISDICTION</strong>

5.    The Court has jurisdiction over UPC because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of UPC's business activities in the state, including those in Brazoria County, Texas, with reference to this specific case.

6.    The Court has jurisdiction over Aguilar because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Brazoria County, Texas, with reference to this specific case.

<strong>VENUE</strong>

7.    Venue is proper in Brazoria County, Texas because the insured property is located in Brazoria County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Brazoria County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

<strong>FACTS</strong>

8.    Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9.    Plaintiff owns a United Property & Casualty Insurance Company homeowner's insurance

2

policy, number UTH02533920042 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 2711 Maple Ln Pearland, TX 77584 ("the Property").

10.   UPC or its agent sold the Policy, insuring the Property, to Plaintiff. UPC or its agent represented to Plaintiff that the Policy included coverage for water damage to Plaintiff's home. UPC has refused the full extent of that coverage currently owed to Plaintiff.

11.   On or about October 7, 2015, the Property sustained extensive damage resulting from a water leak.

12.   In the aftermath of the water leak, Plaintiff submitted a claim to UPC against the Policy for damage to the Property. UPC assigned claim number 2015TX020615 to Plaintiff's claim.

13.   Plaintiff asked UPC to cover the cost of damage to the Property pursuant to the Policy.

14.   Damaged areas of the property include, but are not limited to the following areas of the interior:  foyer, formal living room, downstairs hallway, half-bath, understairs closet, den, kitchen, pantry, formal dining room, laundry room, two sets of stairs, fireplace, linen closet, upstairs bathroom, upstairs bath closet front bedroom, front bedroom closet, middle bedroom, middle bedroom closet, rear bedroom, rear bedroom closet, and master bedroom.

15.   UPC assigned or hired Aguilar to adjust the claim locally.

16.   UPC, through its agents, namely Aguilar, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

17.   Aguilar found that there was $17,035.43 in damages from a covered peril to the property.

18.   Aguilar also initially agreed with Plaintiff's public adjuster that she would authorize payment for the damaged carpet in the guestroom and master bedroom, but ultimately did

not follow through.   Aguilar then proceeded to accuse Plaintiff's public adjuster of intentionally tearing out carpet in Plaintiff's home.

19.   After application of the policy deductible, Plaintiff was left without adequate recovery to complete proper repairs on Plaintiff's home

20.   To date, Plaintiff has received $15,029.15 for damage to Plaintiff's Property. The damage to Plaintiff's Property is currently estimated at $117,534.74.

21.   Since due demand was made on January 28, 2016, UPC has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

22.   As stated above, Defendants failed to assess the claim thoroughly.  Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, UPC failed to provide full coverage due under the Policy.

23.   As a result of UPC's failure to provide full coverage, along with UPC's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

24.   UPC failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, UPC refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

25.   Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.  Thus, the breach of the statutory duties constitutes the foundation of a breach of the

4

insurance contract between UPC and Plaintiff.

26.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).  Defendants have not attempted to settle Plaintiff's claim in a fair manner, even though Defendants were aware of their liability to Plaintiff under the Policy.  Specifically, Defendants have failed to timely pay Plaintiff's coverage due under the Policy.

27.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).  Defendants failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

28.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).  Defendants refused to provide full coverage due to Plaintiff under the terms of the Policy.  Specifically, UPC, through its agents, servants, and representatives, namely Aguilar, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

29.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  Defendants failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

30.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Defendants

have delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for the claim.

31.  Defendants' wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing Plaintiff with respect to these causes of action.

## CAUSES OF ACTION AGAINST
## DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY

### BREACH OF CONTRACT

32.  UPC is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between UPC and Plaintiff.

33.  UPC's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

34.  UPC's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

35.  UPC's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

6

36.    UPC's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

37.    UPC's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

38.    UPC's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

39.    UPC's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

40.    UPC's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable by TEX. INS. CODE §542.060.

41.    UPC's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

7

42.     UPC's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

43.     UPC's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

44.     UPC's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, UPC knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

45.     UPC's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by UPC pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against UPC.  Specifically, UPC's violations of the DTPA include, without limitation, the following matters:

A.      By its acts, omissions, failures, and conduct, UPC has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  UPC's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become

reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.  UPC represented to Plaintiff that the Policy and UPC's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.  UPC also represented to Plaintiff that the Policy and UPC's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.  Furthermore, UPC advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.  UPC breached an express warranty that the damages caused by a water leak would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.  UPC's actions are unconscionable in that UPC took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.    UPC's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.  UPC's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

46.  Each of the above-described acts, omissions, and failures of UPC is a producing cause of Plaintiff's damages.    All of the above-described acts, omissions, and failures were

9

committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade
Practices Act.

## FRAUD

47.   UPC is liable to Plaintiff for common law fraud.

48.   Each and every misrepresentation described above concerned material facts that absent
such representations, Plaintiff would not have acted as Plaintiff did, and UPC knew its
representations were false or made recklessly without any knowledge of their truth as a
positive assertion.

49.   UPC made the statements intending that Plaintiff act upon them.  Plaintiff then acted in
reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common
law fraud.

### CAUSES OF ACTION AGAINST DEFENDANT BIBIANA AGUILAR

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

50.   Aguilar's conduct constitutes multiple violations of the Texas Insurance Code, Unfair
Claim Settlement Practices Act.  TEX. INS. CODE §541.060(a).

51.   Aguilar is individually liable for this Defendant's unfair and deceptive acts, irrespective of
the fact that this Defendant was acting on behalf of UPC, because Aguilar is a "person," as
defined by TEX. INS. CODE §541.002(2).

52.   Aguilar knowingly underestimated the amount of damage to the Property.  As such, Aguilar
failed to adopt and implement reasonable standards for the investigation of the claim
arising under the Policy.  TEX. INS. CODE §542.003(3).

53.     Furthermore, Aguilar did not attempt in good faith to effect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

54.     Aguilar's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

55.     Aguilar's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

56.     Aguilar's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Aguilar pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Aguilar. Specifically, Aguilar's violations of the DTPA include the following matters:

A.      By this Defendant's acts, omissions, failures, and conduct, Aguilar has violated sections 17.46(b)(2), (5), and (7) of the DTPA. Aguilar's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

11

B.   Aguilar represented to Plaintiff that the Policy and this Defendant's adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.   Aguilar represented to Plaintiff that the Policy and this Defendant's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Aguilar's actions are unconscionable in that Aguilar took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  Aguilar's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.   Aguilar's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

57.   Each of Aguilar's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages.  All acts, omissions, and failures were committed "knowingly" and "intentionally" by Aguilar, as defined by the Texas Deceptive Trade Practices Act.  TEX. BUS. & COM. CODE 17.45.

## KNOWLEDGE

58.   Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

59.     Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

60.     Since the claim was made, UPC has not properly compensated Plaintiff for all necessary repairs necessary and ALE expenditures, which are covered under the Policy.  This has caused undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

61.     Defendants made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Defendants made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations.  Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage.  Plaintiff suffered damages as a result.

62.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained.  The acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

63.     For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

64.     The damage on Plaintiff's Property is estimated at $117,534.74.

65.     For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

66.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees.  TEX. INS. CODE §542.060.

67.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money UPC owed, and exemplary damages.

68.     Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

14

69.   For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

70.   For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

71.   As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $200,000.00, but no more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

72.   Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

**JURY DEMAND**

73.    Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Brazoria County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

**PRAYER**

Plaintiff prays that Defendants, United Property & Casualty Insurance Company and Bibiana Aguilar, be cited and served to appear, and that upon trial hereof, Plaintiff,  Fidel Lopez, has and recovers from Defendants, United Property & Casualty Insurance Company and Bibiana Aguilar, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, Fidel Lopez, may show Plaintiff is justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
CWilson@cwilsonlaw.com
Kimberly Ninh Blum
Bar No. 24092148
kblum@cwilsonlaw.com
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137

ATTORNEYS FOR PLAINTIFF

17